UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Adrian Dion Williams,

                            Petitioner,

                                                                     Civ. No. 10-3090 (RHK/TNL)
                                                                       **ORDER**

v.

Warden Bruce Reiser,

                            Respondent.

      This matter is before the Court *sua sponte*.

      Petitioner Adrian Dion Williams, a prisoner currently serving a life sentence for first-degree murder at the Minnesota Correctional Facility – Rush City, commenced this action under 28 U.S.C. § 2254 by filing a Petition for a writ of habeas corpus. Williams's judgment of conviction was entered in the Hennepin County, Minnesota District Court on April 22, 1997, and his conviction was affirmed on appeal by the Minnesota Supreme Court in 1998. See State v. Williams,, 586 N.W.2d 123 (Minn. 1998). On July 30, 2007, he sought post-conviction relief in the Hennepin County District Court; his petition was denied on September 6, 2007, and that decision was affirmed by the Minnesota Supreme Court on April 16, 2009. See Williams v. State, 764 N.W.2d 21 (Minn. 2009).

      On July 20, 2010, Williams filed the instant Petition. The Magistrate Judge conducted an initial review of the Petition and noted serious concerns whether it was timely filed under the Antiterrorism and Effective Death Penalty Act of 1996, 110 Stat.

1214. By Order dated August 23, 2010 (Doc. No. 5), the Magistrate Judge ordered Respondent to either answer the Petition or file a motion to dismiss it within 30 days, and Respondent subsequently moved to dismiss the Petition as time-barred. (See Doc. No. 7.) Since that time, Petitioner has requested, and been granted, several extensions of time to respond to the Motion; his most recent request extended the response deadline to August 1, 2011. (See Doc. No. 30.)

    Rule 5(b) of the Rules Governing Section 2254 Cases in the United States District Courts provides, in pertinent part, that the *answer* to a petition for a writ of habeas corpus "must state whether any claim in the petition is barred by . . . a statute of limitations." The Court, therefore, determines that the timeliness of the instant Petition is most appropriately considered by way of answer rather than by motion. Accordingly, the Court deems Respondent's Motion to be an answer to the Petition on procedural grounds, and for administrative purposes it **DENIES** the Motion (Doc. No. 7) as moot. In accordance with the Order dated June 8, 2011 (Doc. No. 30), Petitioner shall serve and file his response addressing the timeliness of the Petition on or before August 1, 2011, and Respondent may serve and file a reply on or before September 15, 2011. No hearing will be held regarding the timeliness of the Petition. In the event the Court determines that the Petition is timely, Respondent will then be afforded the opportunity to address the Petition on the merits.

Dated: July 19, 2011                                                        s/Richard H. Kyle
                                                                                RICHARD H. KYLE
                                                                                United States District Judge